UNITED STATES DISTRICT COURT  c
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ALFRED JOHN BAPTISTE, Petitioner | CIVIL ACTION NO. 1:16-CV-00553 |
| VERSUS | CHIEF JUDGE DRELL |
| LORETTA LYNCH, ET AL., Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of *habeas corpus* (28 U.S.C. § 2241) filed by *pro se* petitioner Alfred John Baptiste ("Baptiste"), who is an immigration detainee in the custody of the Department of Homeland Security/Bureau of Immigration and Customs Enforcement ("ICE"). Baptiste is being detained at the LaSalle Detention Center in Jena, Louisiana. In his petition, Baptiste challenges his detention pending removal. (Doc. 1).

I.  Background

Baptiste is a citizen of Dominica. He was previously ordered removed from the United States on November 19, 1991. (Docs. 16-1, 16-2). He reentered the United States on October 31, 1995. (Doc. 16-3). Baptiste was found back in the United States when he was encountered by ICE while serving a prison term at Elayn Hunt Correctional Center in St. Gabriel, Louisiana. (Doc. 16-7). The 1991 removal order was reinstated on September 9, 2015. (Doc. 16-3). Baptiste was transferred to ICE custody on September 14, 2015, after finishing his state sentence. (Docs. 16-1, 16-7).

Petitioner's custody status was reviewed numerous times, resulting in a decision of continued detention each time. The "Decision to Continue Detention" issued on December 3, 2015, provided that Baptiste's "removal is expected in the reasonably foreseeable future." (Doc. 16-4). The Decisions to Continue Detention issued on March 18, 2016 and June 17, 2016 state that "ICE is working with the government of Dominica to obtain a travel document to move forward with your removal from the United States at this time." (Doc. 16-5, 16-6). Additionally, "Post Order Custody Reviews" were conducted on December 3, 2015 and June 22, 2016. (Docs. 16-7, 16-8).

II. <u>Law and Analysis</u>

Although the Immigration and Naturalization Service ("INS") has 90 days to remove an alien after he is ordered removed, the Supreme Court has held that 8 U.S.C. § 1231(a)(1)(A) permits the detention of criminal aliens beyond 90 days for a period reasonably necessary to bring about that alien's removal from the United States. <u>See</u> <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001). The Court noted that the statute does not permit indefinite detention. Rather, the "reasonably necessary" detention period should be limited to six months after the removal order becomes final. <u>Id.</u> at 697-702.

After six months, however, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," then the government must furnish sufficient rebuttal evidence. <u>Id.</u> at 701. The expiration of the six-month detention period does not, by itself, warrant release. The

alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. Id.

Here, it is undisputed that Baptiste has been detained longer than the presumptively-valid six-month period detailed in Zadvydas. However, Baptiste has not shown there is no significant likelihood of his removal in the reasonably foreseeable future, and he is not entitled to relief under Zadvydas. He has not presented facts showing that ICE is unable to execute his removal to Dominica. Baptiste filed his petition on April 21, 2016, when he had been in post-removal order detention for approximately eight months. Baptiste has presented no evidence showing that his detention will be indefinite. Instead, Baptiste has asserted that he should be released because of his disability and because he regrets his criminal history. (Docs. 1, 17).

Even if Baptiste had met his initial burden, the Government has rebutted it by showing that Baptiste's removal is expected in the reasonably foreseeable future. Dominica has not denied his request for a travel document, and ICE continues to work with Dominica to obtain that document. From December 2015 until August 2016, the Dominica consulate has been contacted at least once a month, and in March 2016, a birth verification from Dominica was requested in order to expedite the Travel Document issuance. (Docs. 16-1, 16-8). The Detention and Deportation Officer with Removal and International Operations has indicated that the travel documents are likely, although the process may take some time. (Doc. 16-1).

Furthermore, following <u>Zadvysas</u>, regulations were promulgated to meet the criteria established by the Supreme Court. <u>See</u> 8 C.F.R. § 241.4. Prior to the 90-day removal period, a detained alien is entitled to review of his custody status, 8 C.F.R. § 241.4(k)(1), and at annual intervals thereafter, 8 C.F.R. § 241.4(k)(2). Additionally, the detained alien has the right to request interim custody reviews not more than every three months in the time interval between annual reviews. 8 C.F.R. § 241.4(k)(2). The reviewing ICE officials must consider several factors when determining whether to release an alien or continue his detention pending removal. 8 C.F.R. § 241.4(f).

Baptiste has had his custody status reviewed at regular intervals. On December 4, 2015, March 18, 2016, and June 17, 2016, "Decisions to Continue Detention" were issued. (Docs. 16-4, 16-5, 16-6). "Post Order Custody Reviews" were conducted on December 3, 2015 and on June 22, 2016. (Docs. 16-7, 16-8). Baptiste has been provided all the due process to which he is entitled pursuant to the applicable regulations. Accordingly, Baptiste has failed to demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States" for the purposes of granting habeas corpus relief under 28 U.S.C. § 2241.

III. <u>Conclusion</u>

Based on the foregoing, IT IS RECOMMENDED that Baptiste's petition be DENIED AND DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from

service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __14th__ day of November, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge